2. INJUNCTION, § 182*—*when allegation in bill insufficient as conclusion of law.* On a bill by a religious organization to restrain an individual from holding a certain sort of religious service in a cemetery belonging to the organization, where it appeared that a member of the organization had a permit issued by complainant to bury his family in the cemetery, an allegation in a petition for an injunction restraining defendant from conducting services in such cemetery on the death of such member, alleging that the permit was "subject to the rules and regulations of the congregation," *held* insufficient to enable the court to determine the nature of the permit or the conditions attached to it, the quoted allegation being a mere conclusion of law.

3. INJUNCTION, § 185*—*when allegation of irreparable injury insufficient:* Since the principle which lies at the foundation of the injunctive process of a court of equity is the inability of courts of law to afford adequate redress, it is not sufficient to entitle complainant to injunctive relief to allege irreparable damage, but he must aver facts from which, if true, the court can fairly draw that conclusion.

4. INJUNCTION, § 181*—*when prayer insufficient.* A petition for an injunction is insufficient where the bill merely prays for an injunction "as above prayed," but contains no other prayer for an injunction, or for any other relief, either specific or general.

---

## La Salle Extension University, Appellee, v. Hamilton College of Law, Appellant.

### Gen. No. 21,369.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed November 15, 1916. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by La Salle Extension University, plaintiff, against the Hamilton College of Law, defendant, in the Municipal Court of Chicago, to recover on four promis-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

sory notes.   To reverse a judgment for plaintiff for $2,099.63, defendant appeals.

It appeared that defendant and a corporation called the Cree Publishing Company made a contract involving the performance to defendant of certain contractual duties in reference to a quantity of books, in consideration of which defendant gave to it certain notes.   In order to be able to make the contract with defendant, the Cree Company arranged with parties named De Bower and Chapline to surrender, for a consideration, their exclusive rights of sale of the books in a certain territory, for which they were to receive half the profits of the contract with defendant.   The maturity of the notes was arranged so that they became due successively, and defendant had the privilege of paying half of a note and renewing the balance for four months.   The four original notes were indorsed by the Cree Company without recourse and delivered to De Bower and Chapline, who delivered them to plaintiff, the transaction being shortly after the date of the contract.   De Bower and Chapline, who were president and vice president of plaintiff corporation, knew of the contract.   Later two of the notes were presented by plaintiff to defendant, which paid part of one note, and gave two renewal notes for the balance.   Before suit was brought the Cree Company went into bankruptcy, but not until nearly a year after the delivery of the notes to De Bower and Chapline.   Defendant gave the Cree Company $18,000 in notes and paid about $6,200 on them.   The notes were complete and regular on their face, and acquired in good faith, in the regular course of business and for a consideration. The contract provided for the delivery of 1,000 sets of the books to defendant, of which the Cree Company had delivered about 343 sets before bankruptcy.

RANKIN, HOWARD & DONNELLY, for appellant.

NEWMAN, POPPENHUSEN & STERN, for appellee; ED-
WARD R. JOHNSTON, of counsel.

MR. JUSTICE TAYLOR delivered the opinion of the
court.

## Abstract of the Decision.

1. BILLS AND NOTES, § 50*—*when consideration sufficient.* In an
action to recover on promissory notes, the defense of no considera-
tion is not available to defendant where the notes contain a recital
that they were given "in consideration of the permission to go
ahead and make the contract with the Hamilton College of Law,"
it also appearing that the notes were given in pursuance of a con-
tract for the sale of certain books, which contract could not be
made until parties having the exclusive agency for the sale of the
books in a certain territory had released their rights, which was the
permission referred to.

2. BILLS AND NOTES, § 259*—*when failure of consideration no de-
fense against bona fide holder.* An indorsement in the usual course
of business of notes regular on their face passes a good title to the
indorsee although the notes were given in performance of an execu-
tory contract imposing certain duties on the payee in favor of the
maker, of which contract the indorsee has notice, where at the time
of the indorsement there has been no default in the performance of
the contract, although later there is default, since in such case
an indorsee is not bound to keep watch as to the performance of
the contract.

3. BILLS AND NOTES, § 479*—*when alteration cannot be consid-
ered on appeal.* In an action to recover on notes, the maker is
estopped to object that the notes sued on have been materially
altered after execution and delivery by adding the words and
figures "with interest at 6%," where the affidavit of merits ad-
mitted the making and signing of such notes, and where the objec-
tion was not made in the trial court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.